**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Shenzhen Qianhai Phoenix Networks Co., Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20-cv-05233 |
| | ) | |
| | ) | Judge Hon. Steven C. Seeger |
| v. | ) | |
| Amazon.com Services, LLC and Amazon.com, Inc., | ) | Mag. Judge Hon. Jeffrey Cole |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Answer and Affirmative Defenses to Counterclaim**

**NOW COMES** Shenzhen Qianhai Phoenix Networks Co., Ltd. ("Plaintiff"), by and through its counsel at AU LLC and Answers the Counterclaim brought by Amazon.com Services, LLC and Amazon.com, Inc. (collectively, "Defendants") as follows:

**JURISDICTION**

1.  This claim arises under the Declaratory Judgment Act under 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, codified at 15 U.S.C. § 1114, 1115, 1119, and 1125, inter alia. A controversy exists between the parties as to alleged infringement of a trademark, and the alleged invalidity and misuse of a U.S. Trademark Registration. Defendants Amazon.com Services, LLC and Amazon.com, Inc. (together, "Amazon") therefore bring the following counterclaims against plaintiff, which has voluntarily subjected itself to jurisdiction in this District, to resolve that ongoing controversy.

    **Answer.** Counter-Defendants admit that Counter-Plaintiff's Counterclaims includes allegations seeking relief under the Declaratory Judgment Act and Lanham Act, and that Counter-Defendant has submitted itself to the Court's personal jurisdiction by virtue of filing its Complaint and Amended Complaint. Counter-Defendant denies any remaining allegations.

2. This court has original subject matter jurisdiction over Amazon's cause of action for declaratory judgment, under Title 28, United States Code, Sections 2201 and 2202, and under the trademark laws of the United States, Title 15 of the United States Code. The court has the power to amend or cancel the U.S. Trademark Registration at issue under 15 U.S.C. § 1119.

   **Answer.**    Admit.

## PRELIMINARY STATEMENT

3. The U.S. trademark system uses a taxonomy of classes for registering trademarks. Over forty different "International Classes" exist, covering the wide variety of different kinds of goods and services that are sold in U.S. commerce.

   **Answer.**    Admit.

4. Medical devices fall under class 10.

   **Answer.**    Deny.

5. Non-medical devices do not fall under class 10.

   **Answer.**    Deny.

6. Trademarks for nonmedical devices -- such as face masks that are not for medical use -- are not registered in class 10.

   **Answer.**    Deny.

7. Plaintiff has represented to Amazon, and to the court, that plaintiff has federally registered the trademark HONRANE for non-medical masks, such as those at issue in this case.

   **Answer.**    Deny.

8. Plaintiff s representation that it has federally registered the trademark HONRANE for non-medical masks is false.

   **Answer.**    Deny.

9. U.S. Trademark Registration 5,077,644 does not cover non-medical face masks.

    **Answer.** Counter-Defendant admits that the goods and services listing for U.S. Trademark Registration 5,077,644 does not literally include the words "non-medical face masks." Counter-Defendants denies any remaining allegations of Paragraph 10.

10. U.S. Trademark Registration 5,077,644 does not mention "masks" at all.

    **Answer.** Counter-Defendant admits that the goods and services listing for U.S. Trademark Registration 5,077,644 does not include the word "masks." Counter-Defendants denies any remaining allegations of Paragraph 10.

11. U.S. Trademark Registration 5,077,644 recites "surgical instruments and apparatus" in class 10. Plaintiffs allegation that Amazon has infringed a registered trademark relies upon the recitation of "surgical instruments and apparatus" in the list of goods in U.S. Trademark Registration 5,077,644.

    **Answer.** Deny.

12. Surgical masks are medical devices.

    **Answer.** Counter-Defendant is without information sufficient to admit or deny the allegations of Paragraph 12 and thereby denies the same.

13. The face masks that plaintiff has sold for distribution in the United States are not surgical instruments.

    **Answer.** Counter-Defendant is without information sufficient to admit or deny the allegations of Paragraph 13 and thereby denies the same.

14. The face masks that plaintiff has sold for distribution in the United States are not surgical apparatus.

    **Answer.** Counter-Defendant is without information sufficient to admit or deny the allegations of Paragraph 14 and thereby denies the same.

**15.** The face masks that plaintiff has sold for distribution in the United States are non-medical products.

> **Answer.** Counter-Defendant admits that the packaging of Plaintiff's product includes the words "non-medical device." Counter-Defendant denies any remaining allegations of Paragraph 15.

**16.** Surgical masks are regulated by the United States Food and Drug Administration under 21 CFR 878.4040.

> **Answer.** Counter-Defendant admits that 21 C.F.R. 878.4040 "Surgical apparel" which includes certain surgical masks. Counter-Defendants deny any remaining allegations of Paragraph 16.

**17.** On information and belief, plaintiff does not use the trademark HONRANE in connection with surgical masks sold in U.S. commerce.

> **Answer.** Admit.

**18.** On information and belief, plaintiff had not used the trademark HONRANE in connection with surgical masks sold in U.S. commerce at any time in the three years preceding the filing of this complaint.

> **Answer.** Admit.

**19.** Plaintiffs attempt to characterize the face masks at issue in this dispute as "surgical-type face masks" is an improper and ineffective attempt to rewrite the recitation of the goods listed in U.S. Trademark Registration 5,077,644.

> **Answer.** Deny.

**20.** Plaintiff s use of the "circle R" symbol on its non-medical face mask products is not supported by U.S. Trademark Registration 5,077,644. On information and belief, plaintiff has nevertheless continued this practice after being made aware of its error.

**Answer.**     Deny.

## FIRST COUNTERCLAIM -

## DECLARATORY JUDGMENT OF NO INFRINGEMENT UNDER SECTION 1114

## OF THE LANHAM ACT

21.  Amazon repeats and re-alleges the allegations in preceding paragraphs 1-20 of its

counterclaims as if fully set forth here.

> **Answer.**     Counter-Defendant incorporates its response to Paragraphs 1-20 as
>
> though fully set forth herein.

22.  Plaintiff asserts that it owns U.S. Trademark Registration 5,077,644 for the mark

HONRANE in International Class 10, and that the HONRANE brand masks at issue in this

case are covered by that Registration as "surgical instruments and apparatus."

> **Answer.**     Deny.

23.  Plaintiffs HONRANE brand masks are not surgical instruments or apparatus.

> **Answer.**     Deny.

24.  The HONRANE brand masks that plaintiff has authorized for sale in U.S. commerce are

not made for medical use.

> **Answer.**     Deny.

25.  The HONRANE brand masks that plaintiff has authorized for resale on Amazon.com are

non-medical face masks.

> **Answer.**     Deny.

26.  Indeed, the HONRANE product shown in Exhibit B to the complaint on PageID#l6 is

marked with the legend "This product is a non-medical device."

> **Answer.**     Admit.

27. The HONRANE brand mask shown on PageID#16 in Exhibit B to the complaint is a non-medical device.

    **Answer.**      Admit.

28. The HONRANE brand masks depicted in Exhibit B to the complaint are not surgical masks.

    **Answer.**      Admit.

29. The HONRANE brand masks depicted in Exhibit B to the complaint are not Class II medical devices under FDA regulations.

    **Answer.**      Admit.

30. The HONRANE brand masks depicted in Exhibit B to the complaint are non-medical face masks that fall under International Class 9.

    **Answer.**      Admit.

31. Plaintiff does not allege any use by Amazon of the HONRANE mark in connection with "surgical instruments and apparatus," or with any other goods specified in U.S. Trademark Registration 5,077,644.

    **Answer.**      Deny.

32. The parties' dispute is ongoing, and requires judicial resolution. Amazon requests a declaration from this court that Amazon has not infringed any right of plaintiff under 15 U.S.C. § 1114.

    **Answer.**      Deny.

## SECOND COUNTERCLAIM -

## DECLARATORY JUDGMENT OF TRADEMARK MISUSE

33. Amazon repeats and re-alleges the allegations in preceding paragraphs 1-32 of its counterclaims as if fully set forth here.

**Answer.** Counter-Defendant incorporates its response to Paragraphs 1-32 as though fully set forth herein.

34. Plaintiff has placed the "®" symbol on products bearing the alleged HONRANE mark, despite the fact that plaintiff has not registered the HONRANE mark for those products.

**Answer.** Deny.

35. An example of such a mis-marked product is shown in Exhibit B to the complaint.

**Answer.** Deny.

36. On information and belief, Plaintiff has deliberately continued to mis-use and/or to promote and encourage the misuse of the "®" symbol in U.S. commerce on goods that are not covered by any U.S. trademark registration.

**Answer.** Deny.

37. The parties dispute whether plaintiff has mismarked its goods. The parties' dispute is ongoing, and requires judicial resolution.

**Answer.** Admit.

38. Amazon seeks a declaration that plaintiff's use of the "®" symbol on products like those depicted in Exhibit B is a misuse in violation of the Lanham Act that bars plaintiff from maintaining an infringement case. Amazon further asks the court to issue an injunction against plaintiff ending the practice by enjoining plaintiff from placing such a notice on goods that are not for goods recited in a federal trademark registration.

**Answer.** Deny.

## THIRD COUNTERCLAIM -

## CANCELLATION OF U.S. TRADEMARK REG. NO. 5,077,644 IN PART, BY DELETING THE GOODS "SURGICAL INSTRUMENTS AND APPARATUS" FROM THAT REGISTRATION, UNDER 15 U.S.C. § 1119

**39.** Amazon repeats and re-alleges the allegations in preceding paragraphs 1-38 as if fully set forth here.

> **Answer.** Counter-Defendant incorporates its response to Paragraphs 1-38 as though fully set forth herein.

**40.** On information and belief, plaintiff has never sold HONRANE brand surgical instruments and apparatus in the United States.

> **Answer.** Admit.

**41.** On information and belief, plaintiff has not sold HONRANE brand surgical masks in the United States.

> **Answer.** Counter-Defendant admits that it has not sold surgical mask medical devices in the United States. Counter-Defendant denies the remaining allegations of Paragraph 41.

**42.** On information and belief, plaintiff does not distribute HONRANE brand surgical instruments and apparatus for sale in United States commerce.

> **Answer.** Counter-Defendant admits that it does not distribute surgical instruments and apparatus medical devices for sale in United States commerce. Counter-Defendant denies the remaining allegations of Paragraph 42.

**43.** On information and belief, plaintiff has never distributed any HONRANE brand surgical instruments or surgical apparatus for use or sale in United States commerce.

> **Answer.** Admit.

**44.** Amazon requests that the court order that U.S. Trademark Registration 5,077,644 be cancelled in part and that the words "surgical instruments and apparatus" be deleted therefrom.

> **Answer.** Deny.

**FOURTH COUNTERCLAIM - CANCELLATION OF U.S. TRADEMARK REG. NO.**

**5,077,644 IN ITS ENTIRETY**

**DUE TO FALSE OR FRAUDULENT REGISTRATION**

45. Amazon repeats and re-alleges the allegations in preceding paragraphs 1-44 as if fully set forth here.

> **Answer.** Counter-Defendant incorporates its response to Paragraphs 1-44 as though fully set forth herein.

46. On information and belief, the applicant that procured U.S. Trademark Registration 5,077,644 did so by falsely representing that it had actually used the HONRANE mark in U.S. commerce for all of the goods recited in the application, knowing that to be false.

> **Answer.** Deny.

47. Plaintiffs fraud has damaged Amazon, including by forcing Amazon to bring this counterclaim for declaratory relief and cancellation of plaintiffs fraudulently obtained registration.

> **Answer.** Deny.

48. Amazon seeks the cancellation of U.S. Trademark Registration 5,077,644 for fraud. On information and belief, applicant deliberately claimed rights it knew or should have known it was not entitled to, and obtained the "644 Registration by making materially false statements under oath, including that the HONRANE mark was in actual use for the goods recited in the application from which that registration issued.

> **Answer.** Deny.

**WHEREFORE**, Counter-Defendant denies that it is liable to Counter-Plaintiffs on any of the claims alleged or that Counter-Plaintiffs are entitled to any relief, and Counter-Defendant prays

that this Court enter judgment in favor of Counter-Defendants and against Counter-Plaintiff

and that this Court denies Counter-Plaintiff any relief whatsoever

**[Remainder of Page Intentionally Left Blank]**

<u>**Separate Affirmative Defenses**</u>

1. <u>**Lack of Standing**</u>.  Counter-Plaintiffs' Counterclaims are barred because Counter-Plaintiff lacks

    standing to assert them because, *inter alia*, Plaintiff / Counter-Defendant's First Amended

    Complaint does not include a claim against Counter-Plaintiffs for trademark infringement of

    U.S. Registration Number 5,077,644 and Counter-Defendant does not allege any injury of

    controversy between Counter-Plaintiffs and Counter-Defendant over the existence of the

    U.S. Registration Number 5,077,644.

2. <u>**Failure to State a Cause of Action**</u>.  Counter-Plaintiffs' Counterclaims are barred because,

    even if true, they fail to state a cause of action against Counter-Defendant.

3. <u>**Laches**</u>.  Counter-Plaintiffs' Counterclaim is barred by the doctrine of laches, because Counter-

    Plaintiffs unreasonably delayed in seeking declaratory relief from the Court as, inter alia, the U.S.

    Registration Number 5,077,644 has been registered since Nov. 08, 2016.

Dated December 9, 2020

Respectfully Submitted

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com

*Counsel for Plaintiff Shenzhen Qianhai*
*Phoenix Networks Co., Ltd.*
